Next case is Smith v. Idaho. Good morning, Your Honors. Philip Gordon representing Mr. Smith, who is the petitioner and the appellant here. I'd like to reserve no more than a minute. We have a threshold issue here which was brought to the attention of counsel in the immediate aftermath of Rumsfeld v. Padilla when this Court issued an order the day after asking counsel and directing counsel to be prepared to address the following issues. Whether the district court lacked personal jurisdiction over this habeas petition because of the petitioner's failure to name his custodian as respondent. And two, whether any jurisdictional defect may be cured on an appeal. And three, whether the State can waive the jurisdictional defect and whether it's done so. I would first like to move at this time orally to amend the petition so as to name the immediate custodian whose name is Kevin Kempf, K-E-M-P-F, who is the warden of the facility in which Mr. Smith is kept in Orofino, Idaho. There is adequate authority in this and some of the cases cited by this Court in its order, namely the Davis case, 341 Fed Second 982, wherein footnote one, the Court notes that while Davis didn't name as a defendant his immediate keeper, we herewith grant his motion orally made at the time of argument that that person be added as a party. I'm making the same motion. A similar ruling was made in Fields, another of the cases cited by the Court, also in footnote one. So I think that we can resolve it that way. In the event, however, that this Court doesn't wish to grant that motion despite that precedent, we can then talk about whether or not it applies. Padilla raised two questions, the immediate custodian and the venue. And that was raised immediately in answer by the government in its very first answer, page four of the Westlaw decision. Kagan, I thought that no venue question would arise here. Is that right? There's no venue question. This is the proper venue. It's the State of Idaho, the District of Idaho. So it is only the one Padilla issue that's of concern. You asked and ordered that we take particular attention to Justice Kennedy's concurrence. And he said that the immediate custodian rule can be waived by the government. He points that out. And Padilla. Are you asserting that they have waived it by not raising it? Yes, I am. I'm so asserting that. Padilla was raised immediately in the government's first answer here. It was never even mentioned at all by the government. And it is not subject matter jurisdiction, such as we all learn in our first-year procedure classes. This Court can't accept jurisdiction unless a particular jurisdictional basis can be invoked. This is the type of matter which, under the civil rules, has to be specifically addressed in an answer. Otherwise, it's waived. Make any difference at all that this isn't a person at all? It's the State of Idaho? I don't think it does, both because of the right to amend by curing and also because this person is an employee of the State of Idaho, who was really the prosecution was done in the name of the State of Idaho. He's a warden and an employee of an agency in the State of Idaho who is keeping him for the State of Idaho. So I don't really think that's a critical distinction. As the Padilla dissent also notes, that the rule regarding the immediate custodian is, quote, riddled with exceptions fashioned to protect the high office of the great writ. And I think that waiver by the government should clearly be included among one of those exceptions when there's no other countervailing issues or equities here. As there's not here, there isn't a venue complication. Padilla relied, for one of its rationales, on the laudable purpose of, quote, preventing rampant forum shopping by litigious prison inmates. That was an important consideration to the Padilla court. It doesn't at all apply here, because what we have is a State inmate, one ignorant inmate who named the wrong respondent, and a learned and experienced Deputy Attorney General who did not object below or here. And we have no issue of where this matter would otherwise be heard. So I feel that Padilla is important because of the interplay of the two considerations, proper respondent and venue. Therefore, I would ask that you, in the first instance, allow the amendment that's being made by oral motion today to add as a party Kevin Kempf. Secondly, if you don't grant that, to rule that the issue has been waived by the government. And alternately, if you ultimately decide that neither of these arguments is availing, to do as was done in the Stanley case, dismiss, with leave to amend, and the district court to allow the naming of the proper party. Turning now, if I may, to the merits. In this short time, I can't go through all the steps in habeas corpus. I'm going to jump immediately to cause and prejudice, as it appears that some of his issues were procedurally defaulted. First off, I've talked about the State right to counsel on a discretionary appeal to the Petition for Review to the Idaho Supreme Court. The State does not dispute the existence of the right. There is a right in Idaho to counsel at all stages of appeal. And Idaho's highest court has said that this right is the right to effective assistance of counsel. And Idaho's highest court has also noted at page, and I quote that at page 19 of my brief, that this is a Strickland issue. These principles, that is to say the Strickland principles, also apply to claims of ineffectiveness in appeals. Citations are omitted. When the attorney's efficiency is a failure to file an appeal as requested by the client, the loss of the opportunity to appeal. And that's certainly true, and it's true under Federal law, but it's not true with regard to discretionary appeal. But it is in Idaho. And I think the rationale – it's important to consider the rationale for the one – Supporting your position? Pardon me? Is there any case law supporting your position that if there's a State right to counsel, therefore, there is cause and prejudice for Federal purposes? I can't point to that, any case law. What I can do is ask this Court to reexamine the basis for the so-called one appeal rule, and where we do that is by going to the Coleman case, Coleman v. Thompson, which was relied on heavily by the State. And the test there is set out at page 752 of 501 U.S., where inciting Murray v. Carrier and applying the Strickland standards, the Court notes, quote, represented by counsel whose performance is not constitutionally ineffective under Strickland, there's no inequity in requiring him to bear the risk of allowing error that results in a procedural default. But here, however, this is a matter that the State has chosen to take on a larger risk. They have, by defining a greater right, taken on a greater risk. The determination not to impose a lesser standard, but to validate the State's more expansive reading of how Federal law applies in the context of its procedures. Wait a minute. The State law case that you were quoting previously makes the discretionary appeal or the post-conviction appeal counsel a Strickland problem. I didn't understand to do that. It was a case called State v. Hernandez, and there the issue was the failure to seek in a timely manner a discretionary appeal, namely a petition for review to the State Supreme Court after a decision of the intermediate appellate court. The underlying policy, as articulated in Carrier, is a question of who should bear the burden of attorney error. The State or the petitioner who is a client of the deficient attorney. Carrier notes that if a procedural default is the result of ineffective assistance, the Sixth Amendment itself requires that the responsibility for the default be imputed to the State. They also continue in Coleman where the defendant defaults a claim as a result of the denial of the right to effective assistance. The State, which is responsible for the denial as a constitutional matter, must bear the cost of any resulting default. And the harm to State interests that Federal habeas review entails. A different allocation of costs is appropriate in those circumstances where the State has no responsibility to ensure that the petitioner was represented by competent counsel. I'm going to interject now. The State of Idaho has willingly taken on that responsibility to the level of a petition for review. Continuing the quotation, as between the State and the petitioner, it's a petitioner who must bear the burden of a failure to follow State procedural rules. In the absence of a constitutional violation, and again I interject, the State has defined this as a Federal constitutional violation, the petitioner bears the risk and Federal habeas for all attorney errors made in the course of representation, as Carrier says explicitly. I think that you can fashion a rule and should that says where a State voluntarily takes on a larger burden, the risk allocation should change. An incompetency of counsel within the meaning of the Strickland standards as defined by the and applied by the State should create a situation where the risk falls on the State. Sotomayor, I think the difference that in order to have Federal constitutional right to counsel and therefore a right to effective counsel, you don't have to have a right. There's no Federal right to an appeal, but there is a Federal right to counsel if there's an appeal, right? I thought there's a Federal right to one appeal. I don't believe so. But if there is one, but there's a right to counsel if there's an appeal. Yes. And but there is no Federal right to counsel beyond that. The source of that traces back to a line of cases beginning with Douglas v. California in 1963. It first appeared the issue there was whether there would be counsel on one appeal or not at all. And the United States Supreme Court said you do have a right to counsel on one appeal. The cases that were spawned in the wake of Douglas generally addressed the question of whether the Federal courts could require States to provide counsel on other appeals. And the decisions were that the Federal courts cannot impose upon the States this burden. And I think that's the genesis of this one appeal rule that is so frequently cited to in this kind of context. But where a State on its own, not because of the intervention of a Federal habeas corpus court, has taken on that burden, I think that poses an altogether different situation. And we're not asking you to find constitutional grounds to force Idaho to do something that Idaho has already chosen to do. We're saying to validate its expectation of what the Strickland standards are in its own appellate procedures. Sotomayor, are you also arguing that because of Fox and Brown, there is essentially not a procedural default here because the State, under its own rules, would have excused the default because of the failure to have a lawyer at the proper time? I think so. And I think it's no answer to point to 2254i, which talks about incompetence of counsel in the context of collateral proceedings. There was no counsel. And the appropriate findings as required by our State supreme court as to whether or not there should be counsel were never made. But there was a denial with regard to the appeal. There was never a decision made on the motion for counsel in the trial court. But there was a decision made by the trial court with regard to the motion for counsel on appeal. Correct. But there still have to be fundamental findings made as to whether or not all the issues are frivolous and there's no possibility of prevailing. Where does that requirement come from, from Brown? It comes from, I think, the State statute and Brown and Fox. And to say that there is that finding was made, counsel is denied on appeal, is in one sense to beg the question. Because if there were non-frivolous issues that were raised by the Petitioner in his initial petition and he had no counsel with which to develop them, clearly that there can't be an implicit and a finding on appeal that there would be no counsel that there were. Actually, you're over time. But I have one other question. And then will you please sit down. My last question is this. There is some reference in the Petitioner's papers, although not in yours, about a change in Rule 35 later, I think right after the denial here, which would have excused some of his problems with his brief. Do you know anything about that? I do not. All right. Your time's up. I'll give you one minute. May it please the Court. On the jurisdictional issue, the State would object to the motion to amend being made at oral argument at this time. I recognize there's precedent for that. But really it's all a matter of it doesn't matter. Because the State, Mr. Gordon is right. I believe that this is a question of personal jurisdiction. We've never challenged the issue of naming the proper Respondent at any time. And therefore, based upon the precedents that we cited, a number of them in our supplemental authorities, the issue I do believe is waived, particularly under the Padilla issue of personal jurisdiction and naming of the proper Respondent. And quite frankly, Your Honors, the reason that I have to object to the naming of the Respondent is because I don't know if that's right or wrong. The time to make those arguments is before the district court. I don't know if that's the right, the person that has custody or not. And again, I recognize there's Ninth Circuit precedent directly on point, but I just don't know how you can come into an appellate court, name a Respondent, and not give someone an opportunity to challenge that and not knowing for the first time. I want to go right to the issue of cause and ‑‑ Before you get there. Yes, Your Honor. If you were to determine that this is the right person, would you object to the substitution? Your Honor, I don't believe that we would. But again, I believe that we have waived that. There are numerous basis for the waiver. We, I believe under Rule 12, you have to assert it. It's a question of personal jurisdiction. I believe that it's pretty clear from the law that that's true. It's not subject matter jurisdiction. On the issue of cause and ineffective assistance of counsel, we need to distinguish a number of claims that were made in the appellant's brief. And for that matter, by the district court. If you read the district court's opinion, particularly in regards to the first claim that was raised, the district court noted a number of potential procedural bars. But the reality of the situation is that there's only one procedural bar at issue here. And that is Smith's failure to comply with Idaho Appellate Rule 34 and 35. In the first instance, he did not provide the proper number of briefs under Idaho Appellate Rule 34. And under Idaho Appellate Rule 35, the content of his brief before the Idaho Appellate Court was woefully, woefully lacking. Was there a rule change shortly thereafter which excused prisoners from some aspects of this? Your Honor, I don't believe it was. You're talking about Appellate Rule 35. I'm sorry. I thought you were talking about Criminal Rule 35. The rule change was that they were permitted to file handwritten briefs. I thought, in addition, there were some – he quotes something. I haven't found it. Which he claims went into effect in January of 2001. That also excused the contents and so on in some circumstances. Does that exist? No, Your Honor. It does not. Not that I am aware of. The only rule change that was made as far as the content of the briefing was that they were permitted to file handwritten briefs without seeking the permission of the appellate court. Prior to that time, they had to be typewritten. Okay. And we know that he didn't comply with that particular rule. So the notion that somehow cause exists because the trial court did not rule on the motion for appointment of counsel – Well, presumably, if he had a lawyer, this wouldn't have happened, right? One could pretty much suppose that. Your Honor, I'm not going to – no, I disagree with that. Because, in fact, the court – or this Circuit's opinion in Zetsko v. Idaho, where this Court found that Idaho appellate rule is a regularly and consistently applied procedural bar, was actually a case where the appellant was represented before the State courts by a lawyer. His brief was woefully lacking. But in Fox, for example – I think it was Fox or Brown, one of them – the petitioner had failed to respond to a conditional motion to dismiss. And the court said, you know, if he'd had a lawyer, presumably that wouldn't have happened. That's why they vacated and started all over again. That's true, Your Honor. But that's why we really need to – Lawyers can also screw up in responding to motions to dismiss. But the assumption of the court was they wouldn't have, and they vacated the dismissal and started again. So why wouldn't they have vacated the dismissal on this ground as well and started again? They very well may have if he had complied with Idaho appellate rule 35, he being Smith. And that is why it's so important in this case to distinguish between the procedural bars. What happened before the trial court is really totally and completely irrelevant as far as the procedural bar that's in place in this case. The procedural bar that is in place in this case is Idaho appellate rule 35, 34, and 35. So in Fox, and I don't know whether it's Fox or Brown, whichever case it is, if the default in not responding to the motion to dismiss had been at the appellate level, it all wouldn't have worked. That is absolutely correct, Your Honor. That is exactly correct. If in Fox or Brown they had not complied with Idaho appellate rule 35 or Idaho appellate rule 34, then we wouldn't have ever gotten to the issue of the appointment of counsel before the trial court, because the procedural bar is what occurred before the appellate court in failing to file a brief. Can I make an easier argument for you? It seems to me in this instance there was a decision on the question whether to appoint the counsel on appeal, right? Yes, there was. And it was denied, Your Honor. And that's sufficient? There was no answer. There was no decision on the appointment of counsel on the district court, but there was a decision by the district court on the appointment of counsel on appeal. No. The answer was no. Yes, that's correct, Your Honor. But why doesn't that take care of the problem? It really does, Your Honor, because you're not entitled to raise ineffective assistance of counsel when you're representing yourself on appeal. It can't constitute cause. What case law do you have, by the way? I asked your opposing counsel the same question. That demonstrates that if the State recognizes a right to counsel and, in fact, recognizes a Strickland right to counsel, there still is no Strickland right. There still is no Strickland fine? Whereas my understanding of your argument is that although the State at the time recognized a right to counsel for these kinds of proceedings, nonetheless, there's no constitutional right to counsel and, therefore, no Strickland right. Isn't that the core of your argument? The core of my argument, Your Honor, is that – is Idaho Appellate Rule 34 and 35. Now, the question of whether the State – whether a State recognizes a statutory right to counsel and that statutory right to counsel must be effective under Strickland is an entirely different issue, and there simply is no case law anywhere in the country that that type of assistance of counsel constitutes cause. And, in fact, I would – I question counsel's assertion that there is an automatic right to appointment of counsel in post-conviction cases. In fact, if you look at – I believe it's 19852, it is still discretionary in post-conviction cases. I recognize what the Idaho Supreme Court said in the – in the Hernandez case, but under 852, yes, counsel has to be appointed in post-conviction cases unless it's determined that the issues being raised are frivolous. And, of course, we don't know in this particular case that that finding was never made by any court because of Smith's failure to comply with Idaho Appellate Rule 34 and 35. Therefore, because of his failure to comply with those two rules, we don't get to the issue of appointment of counsel. He did move for counsel on appeal in the district court. On appeal, yes, Your Honor. That is correct. And it was denied. That's where the 34 and 35 problem occurred on appeal, right? Not before the district court. It occurred before the Idaho Supreme Court. So he did move in the district court for counsel on appeal. The district court made a ruling but didn't say why. That's correct. Just denied it. Didn't say it was frivolous. No, Your Honor. But if you look at 19852 and even Hernandez, there is no discussion. In fact, under that statute or that particular case. But there was a Fox and Brown. Is that not true? But none of those cases discussed the appointment of counsel on post-conviction appeal, which is an entirely separate issue than post-conviction counsel before the trial court. In fact, it is pretty much the norm that counsel are not appointed on appeal in post-conviction cases. Although because of Hernandez, the Idaho trial courts are less willing to deny counsel before them. But there is absolutely a dearth of authority requiring appointment of counsel in post-conviction appeal. And the statutes are certainly not the same. We would submit, Your Honors, that there has been no showing of cause. There simply is no nexus between the cause that is even being asserted here, that is a state statutory right to effective assistance to counsel, and the ultimate procedural bar that results from Idaho Appellate Rule 34 and 35. On that basis alone, Your Honors, we would ask that this Court affirm the judgment of the district court. If there are no other questions. Thank you. We have something really important to say. I may say it for one minute. Very much. I think that in trying to address the questions on the post-conviction relief, it's critical to consider who it was who had applied to Judge Bail, the district court judge, for counsel on his post-conviction relief. And he defined it himself, and I quote it in my brief. Comes now Ramon Smith, who is being denied all access to courts and has also been Mr. Smith is in segregation and even refused paper out of his own property to respond in the time given of 20 days. Mr. Smith has been refused copies also. We hope that the Court understands and can read this, for he had to hurry and has stated before medical reason and no legal help, Mr. Smith is having difficulties in doing proper legal work. That's precisely the kind of person who came before the Idaho courts in either Fox or Brown and asked for help and resulted in a reversal. This kind of fervid plea from a person with no resources requires at the least that the Stateshore Court should make a finding that there is no genuine issue before denying him counsel. By the time we reach a stage of the appellate procedure, he has no record with which to appeal. He's already court doomed. So I think the real inquiry is at the district court stage. Thank you. The case of Smith v. Idaho is submitted. The next case in the calendar is Bachalad v. Brown. Thank you.
judges: B. Fletcher, Hamilton Berzon